**Eliza E. Kendall, Appellee, v. Chicago Railways Company and Chicago & Oak Park Elevated Railroad Company, Appellants.**

**Gen. No. 18,977.    (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed February 3, 1914.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Vol. CLXXXV 10

## Statement of the Case.

Action by Eliza E. Kendall against Chicago Railways Company and Chicago & Oak Park Elevated Railroad Company for damages for personal injuries. From a judgment for plaintiff for five thousand dollars, defendants appeal.

Joseph D. Ryan and William H. Symmes, for appellant Chicago Railways Co.; John R. Guilliams and Frank L. Kriete, of counsel.

Addison L. Gardner and Carroll H. Jones, for appellant Oak Park Elevated Railroad Co.

Blaisdell & Ranes, for appellee; Harry F. Brewer, of counsel.

Mr. Justice Clark delivered the opinion of the court,

## Abstract of the Decision.

1. Evidence, § 398*—*expert testimony.* Where the amount which plaintiff is entitled to recover depends to a large extent upon the testimony of medical experts, it is important that rules of evidence respecting such testimony be observed.

2. Evidence, § 444*—*declarations of injured person to physician.* A physician who made an examination of an injured person solely for the purpose of testifying as an expert at the trial, is not permitted to testify to statements made to him by the injured person, or in his presence during such examination, nor can he base an opinion upon such statements.

3. Appeal and error, § 1466*—*admission of declarations as prejudicial error.* Where defendant claimed in an action for personal injuries that the ailments complained of by plaintiff were due to other causes than the accident, error in admitting declarations of the person injured to a physician making an examination to form the basis of testimony at the trial and not for the purpose of treatment is not harmless.

4. Carriers, § 489*—*instructions as to liability for collision.* In an action for personal injuries as the result of a collision between a street car upon which plaintiff was a passenger and an elevated

railroad train, an instruction that the elevated railroad was liable if in violation of an ordinance it failed to maintain a flagman at the intersection, and such failure proximately contributed to the accident, is erroneous where negligence in failing to provide a flagman was not charged in any count of the declaration.

5. APPEAL AND ERROR, § 1544*—*when instruction as to liability for collision prejudicial error.* An instruction that if defendant Elevated Railroad Company failed to maintain a flagman at the intersection of a street railroad, in violation of ordinance, and such failure contributed proximately to a collision with a street car, it would be liable, is prejudicial error where negligence in that respect was not charged in the declaration and the evidence tended to show that the proximate cause of the accident was an improper signal given by a policeman who, with an employe of the street railway company, acted as watchman, the regular watchman of the elevated company being absent at dinner.

6. CARRIERS, § 489*—*when instruction as to care at intersections improperly refused.* In an action for injuries to a passenger on a street car caused by a collision with an elevated railroad train at a grade crossing, an instruction that if the motorman in charge of the elevated train attempted to cross the intersection with the street railway in response to a signal from the signalman at the crossing, and in doing so exercised ordinary care up to the time of the collision, the elevated railroad was not liable, was improperly refused.

7. EVIDENCE, § 87*—*admissibility of evidence of subsequent accident.* Evidence of another accident received by plaintiff subsequently to the accident for which suit was brought is inadmissible.

8. DAMAGES, § 200*—*when instruction improperly refused.* Where evidence that plaintiff had sustained another accident subsequently to that for which suit was brought was improperly admitted, it is error to refuse an instruction that plaintiff was not entitled to recover any damages for such subsequent accident.